PLOTKIN, Judge,
dissenting with written reasons.
I respectfully dissent.
The defendants in the instant case committed, at the minimum, an ethical violation against plaintiff deBoisblanc when they chose to deal directly with his client after receiving written and verbal notice of deBo-isblanc’s representation of Williams. That ethical violation, in my view, is sufficient to create liability on the part of the employer, Brice Building, and the employer’s insurance administrator, SRS, for deBoisblanc’s loss.
The defendants violated the customs of the industry, which has long been that insurance companies should not deal with a client once notified of legal representation. In this case, their negligent interference in deBoisblanc’s contract with Williams should subject them to liability.
The record is clear that deBoisblanc notified Brice Building of his representation of Williams in the August 30, 1984 letter. The defendants acknowledged his representation in writing in the letter dated September 9, 1985, in which a SRS representative advised deBoisblanc that Williams had to seek medical care before he could receive any compensation.
Once both defendants became aware of deBoisblanc’s representation of Williams, they had a duty to deal only with the attorney and to refrain from dealing directly with the client. When they issued the $1,100 check to Williams directly, bypassing deBoisblanc, they violated that duty. deBoisblanc unquestionably suffered harm because of the defendant’s breach of their duty to him. Therefore, they should be held liable.
This position is supported by the recent Louisiana Supreme Court opinion, Neely v. Hollywood Marine, Inc., 530 So.2d 1116 (La.1988). In that case, the court held that an attorney representing a client who settled with an insurance company without his input had standing to challenge the resultant settlement. The court placed special emphasis on the fact the defendants knew that plaintiff was represented or had been represented by the intervenor and the fact that the intervenor was not notified of the pending dismissal of the case. Although the adequacy of the settlement is not challenged in the instant case, the Neely, supra, case supports my opinion that the defendants owed a duty to deBoisblanc to refrain from dealing directly with his client once they were notified of his representation of Williams.
For the above and foregoing reasons, I would affirm the trial court’s ruling.
ARMSTRONG, J., dissents for the reasons assigned by PLOTKIN, J.